UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JACOB C. BRIER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-1006-GSL-JEM |
| JASON SMILEY, et al., | |
| Defendants. | |

OPINION AND ORDER

Jacob C. Brier, a prisoner without a lawyer, is proceeding in this case on two claims. First, he is proceeding against Mental Health Provider ("MHP") Tori Halcarz, Case Manager Tracy Cornett, Correctional Captain Rippe, and Warden Smiley "in their individual capacities for compensatory and punitive damages for subjecting him to unconstitutional conditions of confinement in the form of cell walls with feces and blood throughout his placement in WCU and lack of a working toilet and sink between February 2024 and October 2024, in violation of the Eighth Amendment[.]" ECF 10 at 14. Second, he is proceeding against MHP Halcarz, Case Manager Cornett, Correctional Captain Rippe, Medical Provider Katie Jacobs, Correctional Officer Michael Clemons, and Medical Provider Jenkins "in their individual capacities for compensatory and punitive damages for deliberate indifference to his physical and mental health needs while held in solitary confinement since February 2024, in violation of the Eighth Amendment[.]" *Id.* Warden Smiley, Officer Clemons, Captain Rippe, and Case Manager Cornett (the "state defendants") filed a motion for summary judgment, arguing Brier

did not exhaust his administrative remedies before filing this lawsuit. ECF 33.[1] Brier filed a response, and the state defendants filed a reply. ECF 38, 39. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).

---

[1] MHP Halcarz, Medical Provider Katie Jacobs, and Medical Provider Jenkins (the "medical defendants") have not moved for summary judgment.

2

Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). When prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.*

The state defendants provide an affidavit from the Grievance Specialist at Westville Correctional Facility ("WCF"), Brier's grievance records, and a copy of the Offender Grievance Process, which show the following facts: The Offender Grievance Process requires an inmate to complete three steps before filing a lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 35-2 at 3. On July 9, 2024, Brier submitted Grievance 190999, complaining his cell was flooded with sewage water and requesting his cell be cleaned and he receive mental health treatment. ECF 35-3 at 20. On October 2, 2024, the grievance office issued a response denying Grievance 190999 on its merits, concluding his cell had been cleaned and he was being seen by mental health on a regular basis. *Id.* at 19. Brier submitted a Level I appeal to the warden, which was

3

received by the warden on October 6, 2024. *Id.* at 18. On October 23, 2024, the warden issued a response denying Brier's Level I appeal. *Id.* at 17. Brier never submitted a Level II appeal to the Department Grievance Manager, which was a necessary step to exhaust Grievance 190999. ECF 35-1 at 5-6. Instead, Brier continued to submit numerous additional grievances which were unrelated to his claims in this lawsuit. *Id.*; ECF 35-3 at 1-12.

The state defendants argue Brier did not fully exhaust his claims in this lawsuit because he did not fully exhaust Grievance 190999, as he never submitted a Level II appeal to the Department Grievance Manager. In his response, Brier concedes he never fully exhausted Grievance 190999. The court therefore accepts that as undisputed. Instead, Brier argues his administrative remedies were unavailable for two reasons.

First, Brier argues "WCF Grievance Specialist has made it a practice to not respond to grievances that contain complaints that can lead to litigation they will flat out refuse to respond or they will respond and muddy the waters to the point where the inmate will give up the process there is never any 'real' attempt to resolve these grievances for us." ECF 38 at 3. But Brier does not dispute the Grievance Specialist *did* respond to Grievance 190999, and he does not explain why he never submitted a Level II appeal after his Level I appeal was denied. Thus, accepting as true the Grievance Specialist has a "practice" of not responding to grievances, that did not make Brier's administrative remedies unavailable here because it is undisputed the Grievance Specialist responded to Grievance 190999. Moreover, Brier's belief that the grievance process is futile does not excuse him from the need to exhaust his remedies. *See Massey*

4

*v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999) ("there is no futility exception to the PLRA's exhaustion requirement"); *see also Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006) (exhaustion is necessary even "if the prisoner believes that exhaustion is futile. The sole objective of § 1997e(a) is to permit the prison's administrative process to run its course before litigation begins.").

Second, Brier argues "The Grievance Policy states that we have to file a grievance notice if our grievance is not processed within ten days it does not give us any other steps to take if our grievance notice also receives no response we can't appeal because the actual appeal form can only be provided by the grievance specialist who is already refusing to respond so the policy itself is a dead end." ECF 38 at 3. But again, this argument ignores the evidence provided by the defendants that the Grievance Specialist *did* respond to Grievance 190999. And it is undisputed Brier received the Grievance Specialist's response to Grievance 190999, as he submitted a Level I appeal challenging that response. Therefore, Brier's assertion that he would have been unable to appeal if the Grievance Specialist had not responded to Grievance 190999 does not show his administrative remedies were unavailable, as it is undisputed the Grievance Specialist responded to Grievance 190999 and Brier received that response.

Lastly, Brier provides as exhibits four additional grievances he claims he submitted regarding the conditions of his cell which were ignored by the Grievance Specialist. ECF 38-1 at 7-14. Here, the Offender Grievance Process instructs an inmate to submit a grievance and fully exhaust that grievance by submitting Level I and Level II appeals. It does not require an inmate to submit numerous grievances related to the

5

same issue. *See Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) ("In order to exhaust their remedies, prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing."). As discussed, it is undisputed the grievance office accepted Grievance 190999 and denied that grievance on its merits. Brier then submitted a Level I appeal, which was likewise denied on its merits. Brier does not explain why he never submitted a Level II appeal to the Department Grievance Manager, and does not argue or provide any evidence he was prevented or unable to submit a Level II appeal. Therefore, the undisputed facts show Brier had an available administrative remedy he did not exhaust before filing this lawsuit. The fact Brier attempted to submit numerous additional grievances related to his claim in this lawsuit, which is not required by the Offender Grievance Process, does not change this analysis.

Accordingly, the undisputed facts show Brier had an available administrative remedy to fully exhaust Grievance 190999 by submitting a Level II appeal to the Department Grievance Manager, and it is undisputed Brier did not exhaust this remedy before filing this lawsuit. Brier has not shown he was unable or prevented from submitting a Level II appeal or that his administrative remedies were otherwise made unavailable. Therefore, the state defendants have met their burden to show Brier had an available administrative remedy he did not exhaust before filing this lawsuit. Summary judgment is warranted in their favor.

For these reasons, the court:

(1) GRANTS the state defendants' motion for summary judgment (ECF 33);

(2) DENIES AS MOOT Brier's motion for a status update (ECF 49);

(3) DISMISSES Warden Smiley, Officer Clemons, Captain Rippe, and Case Manager Cornett from this lawsuit; and

(4) REMINDS the parties this case is now proceeding only on Brier's remaining claims:

　　a. against MHP Halcarz in her individual capacity for compensatory and punitive damages for subjecting him to unconstitutional conditions of confinement in the form of cell walls with feces and blood throughout his placement in WCU and lack of a working toilet and sink between February 2024 and October 2024, in violation of the Eighth Amendment; and

　　b. against MHP Halcarz, Medical Provider Katie Jacobs, and Medical Provider Jenkins in their individual capacities for compensatory and punitive damages for deliberate indifference to his physical and mental health needs while held in solitary confinement since February 2024, in violation of the Eighth Amendment.

SO ORDERED on February 13, 2026

　　　　　　　　　　　　　　　　　　/s/Gretchen S. Lund
　　　　　　　　　　　　　　　　　　JUDGE
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT